IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TITAN DREDGE & FILL, LLC, and BRADLEY HEMME,<br><br>Defendants. | 8:23CV520<br><br>ORDER REGARDING DEFAULT JUDGMENT AS TO DEFENDANT TITAN DREDGING & FILL, LLC |

This case is before the Court on plaintiff Ohio Casualty Insurance Company's (OCIC's) Motion for Entry of Default Judgment against defendant Titan Dredge & Fill, LLC (Titan). Filing 21. At issue is OCIC's claim for indemnity from the defendants on a performance, payment, and maintenance bond (the Bond) on behalf of Titan as principal for a contract to perform dredging work at the NP Dodge Marina. Filing 21 at 1 (citing the Bond, Filing 21-1). OCIC asserts that Titan and Hemme each signed a General Indemnity Agreement (GIA) pursuant to which the defendants agreed among other things to defend and indemnify OCIC from any losses and reimburse OCIC for its actual and anticipated losses arising out of the Bond issued on behalf of Titan. Filing 21 at 1–2. However, to the present Motion for Entry of Default Judgment, OCIC attached the GIA signed only by Hemme, which identifies the only Indemnitor as Hemme. See Filing 21-2; see also Filing 20-2 (the same GIA attached to OCIC's Motion for Entry of Default Judgment against defendant Hemme).

The situation is further muddied by an affidavit of a Surety Claims Specialist for OCIC who avers, "As consideration for OCIC's issuance of the Bond and other consideration, on or about June 16, 2021, Titan Dredge & Fill, LLC, and Bradley Hemme as Indemnitors, executed an Agreement of Indemnity ('GIA) in favor of OCIC." Filing 1-3 at 2 (¶ 4). This statement

1

seems to suggest that there was only one GIA identifying both Titan and Hemme as Indemnitors, but the affidavit then cites in support the GIA attached to the Complaint as Filing 1-3, signed only by Hemme, which identifies the only Indemnitor as Hemme. *See* Filing 21-3 at 2 (¶ 4).

The Court finds that OCIC's Motion for Entry of Default Judgment against Titan is fundamentally flawed because the record at this point does not demonstrate that OCIC is entitled to the relief it seeks in the absence of the purported GIA signed by (or on behalf of) Titan as a named Indemnitor. The Eighth Circuit Court of Appeals has explained that "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) (quoting *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008)); *see also* Fed. R. Civ. P. 55(b)(2). For the Court to be able determine whether OCIC is entitled to any indemnity or other relief from Titan, OCI must, at a minimum, submit a GIA demonstrating that Titan is an Indemnitor as well as any other documents or authority demonstrating OCIC's entitlement to relief from Titan.

Accordingly,

IT IS ORDER plaintiff Ohio Casualty Insurance Company's (OCIC) shall have to and including May 21, 2024, within which to submit adequate proof of its entitlement to the relief it seeks against Titan by default judgment.

Dated this 8th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge